ANDREW M. ALTSCHUL (State Bar No. 226008)
BUCHANAN ANGELI ALTSCHUL &
SULLIVAN LLP
321 SW 4th Avenue, Suite 600
Portland, Oregon 97204
Telephone: 503.974.5022
Facsimile: 971.230.0337
E-mail: *andrew@baaslaw.com*

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TAMISE NGUYEN**, <br><br> Plaintiff, <br><br> v. <br><br> **STANDARD INSURANCE COMPANY, a corporation; DECISIONONE GROUP LIFE INSURANCE POLICY, and ERISA plan; DECISIONONE, a corporation; DOES 1 through 10, inclusive**, <br><br> Defendants. | Case No. CV 11-02275 <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

In Answer to Plaintiff's Complaint for Benefits Under and Employee Benefit Plan, defendants Standard Insurance Company ("Standard"), DecisionOne Group Life Insurance Policy ("the Plan"), and DecisionOne (jointly referred to as the "Defendants") admit, deny and allege as follows:

1. Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

3. In response to paragraph 3 of Plaintiff's Complaint, Defendants admit that the Plan is an ERISA plan that provides life insurance benefits to eligible members under the terms of the Plan.

4. In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendants admit that Standard is a United States corporation and the insurer of the Plan.

5. In response to the allegations contained in paragraph 5 of Plaintiff's Complaint, Defendants admit that DecisionOne is a United States corporation and the Plan administrator.

6. The Plan denies the allegations contained in paragraph 6 of Plaintiff's Complaint

7. Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. In response to paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff's husband was employed by DecisionOne until his death on February 26, 2010, and that Plaintiff was eligible for and received $39,000 in Life Insurance benefits under the Plan as her husband's sole beneficiary under the Plan. Defendants deny that Plaintiff was entitled to any additional benefits under the Plan.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendants admit that the cost of premiums for Employee Supplemental Life insurance were mistakenly taken from Plaintiff's husband's paychecks from January 2009 until February 2010, but state that Plaintiff was reimbursed the $147.94 in overpaid premiums.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendants admit that Plaintiff's claim for $77,000 in supplemental life insurance benefits was denied on June 28, 2010 and the denial was upheld after an internal appeal on March 10, 2011. Defendants deny that Plaintiff was not paid $39,000 of the $116,000 in total benefits that Plaintiff claims she is owed.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants further deny that Plaintiff is entitled to the $77,000 in supplemental life insurance benefits she seeks in this lawsuit.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Except as expressly admitted above, defendants deny each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer and as their affirmative defenses, Defendants allege as follows:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Without assuming any burden of proof, the decision to deny benefits was not arbitrary and capricious.

3. Plaintff's claims are barred in whole or in part by the applicable Policy terms or exclusions.

4. Plaintiff did not satisfy the eligibility requirements, in particular providing evidence of insurability, to qualify for supplemental life insurance benefits.

5. Plaintiff's claims are offset by life insurance benefits already paid.

WHEREFORE, defendant prays for judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. Awarding their attorneys' fees and costs incurred in defending this action; and

3. Any other relief this Court deems just and equitable

Dated: July 23, 2011.   BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

   */s/Andrew Altschul*
   Andrew M. Altschul (#226008)
   Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** on the following named person(s):

> Charles J. Fleishman
> Paul A. Fleishman
> THE FLEISHMAN LAW FIRM
> 5850 Canoga Avenue, 4th Floor
> Woodland Hills, CA  91367
>
> Attorneys for plaintiff

on the date indicated below by

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☒ Electronic Delivery via CM/ECF filing

in the matter *Tamise Nguyen v. Standard Insurance Company, a corporation; DECISIONONE GROUP LIFE INSURANCE POLICY, an ERISA plan; DECISIONONE, a corporation; DOES 1 through 10, inclusive,* Civil No. CV11-02275 (ND California).

DATED:     July 23, 2011.

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

*/s/ Andrew Altschul*
Andrew M. Altschul (#226008)
Telephone:  (503) 974-5011
Facsimile:  (971) 230-0337
Email: *andrew@baaslaw.com*

Attorney for Defendant

- 1 -

**CERTIFICATE OF SERVICE**